ADDIE ELIZABETH ALLEN v. M. D. LANE AND WIFE, ROVINE P. LANE, AND CHARLES P. GAYLOR, TRUSTEE, AND M. D. LANE, ADMINISTRATOR OF W. P. LANE.

(Filed 18 September 1963.)

APPEAL by plaintiff from *Hubbard, J.,* February Civil Session 1963 of CRAVEN.

This action was instituted on 22 December 1962 in the Superior Court of Craven County.

The complaint alleges that on 1 January 1948, M. D. Lane and wife, Rovine P. Lane, conveyed to Addie E. Allen, widow, James M. Allen, and Jacob B. Allen a tract of land containing 220 acres, which conveyance is duly recorded in the office of the Register of Deeds of Craven County in Book 418 at page 380; that on the same day, Addie E. Allen, widow, Jacob B. Allen, and James M. Allen (with the joinder of his wife, Rosa Allen) executed a deed of trust to Charles P. Gaylor, trustee, conveying the above tract of land, to secure the purchase price thereof in the sum of $9,000.00, and executed 15 notes in the sum of $600.00 each, the first note being payable on 15 October 1948 and one note payable on the 15th of October of each year thereafter through 15 October 1962, which deed of trust was recorded in the office of the Register of Deeds of Craven County in Book 418 at page 383.

On 26 March 1948, Addie E. Allen executed a warranty deed to Jacob B. Allen and James M. Allen for the premises involved, and after the description in said deed inserted the following: "Excepting and reserving unto the party of the first part a life estate in the said property." This deed was recorded in Book 418 at page 387 in the office of the Register of Deeds in Craven County.

At the February Term 1962 of the Superior Court of Craven County it was agreed that Jacob B. Allen, James M. Allen and wife, Rosa Allen, the plaintiffs in the pending action, were indebted to the defendants M. D. Lane and wife, Rovine P. Lane, in the sum of $9,930.94 with interest at six per cent from 15 October 1958 until paid. The amounts to be paid and the order in which they were to be paid if and when the aforesaid deed of trust was foreclosed were set out in a consent judgment and entered of record at the above term of court.

At the December Session 1962 of the Superior Court of Craven County the matter came on for hearing before Mintz, J. on motion to continue a temporary restraining order to prevent the consummation of the foreclosure of the purchase money deed of trust referred to hereinabove. This judgment reveals that the trustee had been restrained by temporary restraining orders on four previous occasions, each of which had been theretofore dissolved. The temporary restraining order in effect at the time of the hearing was dissolved by Mintz, J. on 5 December 1962, and James P. Gaylor was directed to consummate the foreclosure sale upon payment of the bid price of $27,100.00, and the court permanently enjoined the plaintiffs in that action from the institution of any further legal actions or proceedings relative to the foreclosure of said deed of trust, either directly or indirectly.

Seventeen days after the entry of the foregoing judgment, the present action was instituted in the name of the plaintiff in this purported action, praying for a restraining order to prevent the consummation of the aforesaid foreclosure. Judge Hubbard, by consent of the parties, heard the matter on its merits without a jury at the February Civil Session 1963, and on 18 February 1963 sustained a demurrer *ore tenus* on the ground that the complaint did not state facts sufficient to constitute a cause of action, dismissed the action and taxed the plaintiff with the costs.

*Charles L. Abernethy, Jr., for plaintiff appellant.*
*Barden, Stith & McCotter for defendant appellees.*

PER CURIAM. Various and sundry papers in connection with this purported appeal have been filed with the Clerk of this Court. However, no case on appeal has been served, neither has the record proper been certified to this Court by the Clerk of the Superior Court of Craven County.

A careful review of the various and sundry papers filed in this purported appeal fails to reveal any merit in the plaintiff's contentions. In fact, no justiciable question is presented.

Appeal dismissed.